UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JUDITH MONTEFERRANTE, on behalf of herself and all others similarly situated, | : : : | Civil Action No. _____ |
| Plaintiff, | : : | Class Action Complaint |
| -against- | : : | Jury Trial Demanded |
| THE CONTAINER STORE, INC. | : : : | |
| Defendant. | : : | |

Plaintiff, Judith Monteferrante, by her attorneys, Meiselman, Packman, Nealon, Scialabba & Baker P.C., as and for her class action complaint, alleges, with personal knowledge as to her own actions, and upon information and belief as to those of others, as follows:

### Nature of this Case

1.     This action seeks to redress The Container Store, Inc.'s ("Container Store") unlawful invasion of its customers' privacy and disregard for the laws of the Commonwealth of Massachusetts designed to protect consumers' rights to be free from intrusive corporate data collection and marketing. In callous disregard for the rights of Massachusetts consumers, Container Store collects ZIP codes from its customers when they make purchases using credit cards at its retail stores. Container Store's employees do not ask customers for their ZIP codes because the credit card companies require that Defendant do so, nor do Container Store's employees request ZIP codes for verification purposes.

2.     Rather, Container Store collects ZIP codes for its own business purposes. Defendant uses a customer's ZIP code and name to identify that customer's address and/or

telephone number using commercially available databases.  Container Store is thus able to use

that personal identification information for intrusive marketing purposes, which include

Container Store's own direct marketing, such as sending junk mail directly to consumers' homes

without their permission.  Container Store can also sell that personal identification information to

third parties.

3.      As Container Store, a sophisticated multinational corporation, is fully aware, the

collection of ZIP codes from consumers using credit cards violates Mass. Gen. Laws ch. 93 §

105, which provides that:

> No person . . . that accepts a credit card for a business transaction shall
> write, cause to be written or require that a credit card holder write
> personal identification information, not required by the credit card
> issuer, on the credit card transaction form.  Personal identification
> information shall include, but shall not be limited to, a credit card
> holder's address or telephone number.

4.      This suit is brought pursuant to Mass. Gen. Laws ch. 93 § 105 and ch. 93A § 9 on

behalf of a class of Massachusetts consumers whose personal identification information was

wrongfully collected by Container Store from April 15, 2009 to the present.  It seeks, *inter alia*,

injunctive relief, statutory damages, treble damages, attorneys' fees, and the costs of this suit.

### Jurisdiction and Venue

5.      Jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d),

as minimal diversity exists, there are more than 100 class members, and the amount in

controversy is in excess of $5 million.

### Parties

6.      Plaintiff Judith Monteferrante is a citizen and resident of the Commonwealth of

Massachusetts.  When making a credit card purchase at a Container Store in Massachusetts

within the last four years, Ms. Monteferrante was asked to provide her ZIP code.  Under the

2

mistaken impression that she was required to do so in order to complete the transaction, she complied.

7.     Defendant The Container Store, Inc. is a corporation its principal place of business located in Coppell, Texas.  Container Store maintains a policy of writing consumers' credit card numbers, ZIP codes and names on an electronic credit card transaction form in connection with credit card purchases.

### Operative Facts

8.     Data mining is one of the more pernicious practices in which retailers engage. Like crows collecting shiny bits of silver to line their nests, retailers like Container Store use whatever means necessary to collect customer data so that they can better market their wares. Indeed, the collection of personal identification information is rampant, and it results in intrusive direct marketing and the invasion of consumers' privacy, as consumers' identities and purchasing habits become valuable commodities which can be bought and sold without their consent.

9.     Responding to consumers' cries for protection, many states, including the Commonwealth, have enacted laws such as Mass. Gen. Laws ch. 93 § 105(a), which is designed to protect consumers' privacy by preventing retailers from using a consumer's decision to pay with a credit card as an excuse for collecting personal identification information.

10.     In applying this statute, the Massachusetts Supreme Judicial Court has held that a consumer's ZIP code is "personal identification information" within the meaning of the statute:

> [A] consumer's zip code, when combined with the consumer's name, provides the merchant with enough information to identify through publicly available databases the consumer's address or telephone number, the very information § 105 (*a* ) expressly identifies as personal identification information.  In other words, to conclude in those circumstances that zip codes are not "personal identification information" under the statute would render hollow the statute's

3

explicit prohibition on the collection of customer addresses and telephone numbers, and undermine the statutory purpose of consumer protection.

Tyler v. Michaels Stores, Inc., 464 Mass. 492, *4 (2013).

11.     Container Store violates Mass. Gen. Laws ch. 93 § 105(a).  When consumers use credit cards to make purchases at a Container Store retail store, the employees at check-out ask consumers for their ZIP codes.  The employee subsequently writes that ZIP code into the electronic credit card transaction form located on the register.  Container Store uses this information not for verification, but instead for its own improper purposes.  In particular, Container Store has the ability to match the customer's name and ZIP code with an address and/or telephone number, the very information § 105(a) prohibits it from obtaining.

12.     Consumers, like Plaintiff, have a statutorily created privacy interest in not having to divulge their personal identification information, including ZIP codes, which Container Store violates.  Defendant's violation of § 105(a) causes distinct injury and harm to consumers like Plaintiff.  Plaintiff and members of the proposed Class were injured as a result of Container Store's unlawful collection of the their ZIP codes because Container Store used that personal identification information to identify consumers' mailing addresses, and subsequently send unwanted marketing materials to Plaintiff and other Massachusetts consumers.

13.     In addition to sending unwanted junk mail, Container Store can use Plaintiff's and Class members' ZIP code for other purposes, such as selling to third parties the addresses it obtains by matching consumers' names and ZIP codes, or by collecting ZIP codes to determine where to target advertising or open new stores.  Disgorgement of Container Store's profits derived from these activities provides an appropriate means of calculating Plaintiff's and the Class's damages.  Container Store does not simply place customers' ZIP codes in a file where it never uses the information for any purpose thereafter.

4

## Class Action Allegations

14.     Plaintiff bring this action on her own behalf and additionally, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all persons whose ZIP code was recorded by Container Store in Massachusetts when such persons made a purchase using a credit card from April 15, 2009 to the present.

15.     Excluded from the Class is Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

16.     This action is brought as a class action for the following reasons:

a.      The Class consists of thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.      There are questions of law or fact common to the Class that predominate over any questions affecting only individual members, including:

i.      whether Defendant violated Mass. Gen. Laws ch. 93 § 105, thereby violating Mass. Gen. Laws ch. 93A § 2;

ii.      whether Defendant is being unjustly enriched by, among other things, selling Plaintiff and the Class's personal identification information to third parties;

iii.      whether Plaintiff and the Class have sustained damages and, if so, the proper measure thereof; and

iv.      whether Defendant should be enjoined from the continued collection of ZIP codes from consumers using credit cards, and whether such a practice should be declared unlawful.

      c.     The claims asserted by Plaintiff are typical of the claims of the members of the Class;

      d.     Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has retained attorneys experienced in class and complex litigation, including litigation involving consumer protection and § 105(a);

      e.     Prosecuting separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Container Store, to wit, whether it can lawfully collect ZIP codes from consumers who make purchases using credit cards;

      f.     Container Store has acted on grounds that apply generally to the Class, namely unlawfully collecting consumer ZIP codes, so that final injunctive relief prohibiting Container Store from continuing to do so is appropriate with respect to the Class as a whole;

      g.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

      i.     Absent a class action, Class members as a practical matter will be unable to obtain redress, Defendant's violations of its legal obligations will continue without remedy, additional consumers and purchasers will be harmed, and Defendant will continue to retain its ill-gotten gains;

      ii.     It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

      iii.     When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

iv.     A class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort, and expense and ensure uniformity of decisions;

v.      The lawsuit presents no difficulties that would impede its management by the Court as a class action; and

vi.     Defendant has acted on grounds generally applicable to Class members, making class-wide monetary and injunctive relief appropriate.

17.     Defendant's violations of Mass. Gen. Laws ch. 93 § 105(a), itself a violation Mass. Gen. Laws ch. 93A § 2, are applicable to all members of the Class, and Plaintiff is entitled to have Defendant enjoined from engaging in illegal, deceptive and unfair conduct in the future.

## FIRST CAUSE OF ACTION
**(Violation of Massachusetts Unfair Trade Practices Act, Mass. Gen. Laws ch. 93A)**

18.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

19.     Mass. Gen. Laws Ch. 93 § 105(a) provides that:

No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number. The provisions of this section shall apply to all credit card transactions.

20.     Container Store is a corporation that accepts credit cards for retail transactions.

21.     When a consumer uses credit cards at Container Store's retail stores in Massachusetts, a Container Store employee requests that consumer's ZIP code. The Container Store employee then writes that ZIP code into the credit card transaction form, which is on the computerized check-out register used to process the point-of-sale transaction. Consumers

typically provide this information in the mistaken belief that providing a ZIP code is necessary to complete the transaction.

22.     The ZIP code is part of a credit card holder's address, and is therefore personal identification information under Mass. Gen. Laws Ch. 93 § 105(a).  Container Store and other retailers are also able to use a customer's name and ZIP code to determine their address or telephone number using commercially available databases.

23.     Mass. Gen. Laws ch. 93 § 105(c) provides that the collection of personal identification information is a per se violation of Mass. Gen. Laws ch. 93A § 2: "Any violation of the provisions of this chapter shall be deemed to be an unfair and deceptive trade practice, as defined in section 2 of chapter 93A."

24.     Mass. Gen. Laws ch. 93A § 9 provides that:

> Any person . . . who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two . . . may bring an action in the superior court . . . for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper . . . Any persons entitled to bring such action may, if the use or employment of the unfair or deceptive act or practice has caused similar injury to numerous other persons similarly situated and if the court finds in a preliminary hearing that he adequately and fairly represents such other persons, bring the action on behalf of himself and such other similarly injured and situated persons.

25.     Plaintiff and the Class have been injured by Container Store's collection of ZIP codes and Defendant's subsequent use of their personal identification information.  Mass. Gen. Laws. Ch. 93 § 105 creates a protected privacy interest held by consumers in not having to divulge personal identification information, including their ZIP codes, merely to use a credit card.  In addition, Plaintiff and the Class were injured by Container Store appropriation and use of their economically valuable personal identification information without consideration, and the profit derived from Defendant's use of Plaintiff's and the Class's ZIP codes is a measure of their

8

damages.  Plaintiff and the Class were also injured by the receipt of unwanted junk mail from

Container Store.

      26.      In compliance with Mass. Gen. Laws. Ch. 93A § 9(3), on March 15, 2013,

Plaintiff's counsel sent Defendant a written demand for relief by Federal Express, identifying

Ms. Monteferrante as a claimant and reasonably describing the unfair or deceptive act alleged

herein and the injury she and other Class members suffered.

**SECOND CAUSE OF ACTION**
**(Unjust Enrichment)**

      27.      Plaintiff repeats and re-alleges the allegations contained in the paragraphs above

as if fully set forth herein.

      28.      Defendant knowingly and willingly accepted benefits from Plaintiff and the Class,

to wit, their economically valuable personal identification information which Defendant used for

its own profit, while providing Plaintiff and the Class nothing in return.

      29.      Under the circumstances described herein, it is inequitable for Defendant to retain

the full monetary benefit of that information at the expense of Plaintiff and the Class.

      30.      By engaging in the conduct described above, Defendant has unjustly enriched

itself at the expense of Plaintiff and the Class and is required, in equity and good conscience, to

compensate Plaintiff and the Class for the appropriation of their personal identification

information, the amount of such compensation to be determined at trial.

      WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against

Defendant as follows:

      A.      Certifying this action as a class action, with a Class as defined above;

9

B.      On Plaintiff's First Cause of Action, awarding against Defendant statutory

damages that Plaintiff and the other members of the Class have suffered as a result of

Defendant's actions in the amount of $25.00 per Class member, trebled;

C.      On Plaintiff's Second Cause of Action, awarding against Defendant damages that

Plaintiff and the other members of the Class have suffered as a result of Defendant's actions;

D.      Awarding Plaintiff and the Class interest, costs and attorneys' fees; and

E.      Awarding Plaintiff and the Class such other and further relief as this Court deems

just and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by

jury.

White Plains, New York
DATED:  June 6, 2013

Respectfully submitted,

**MEISELMAN, PACKMAN, NEALON,
SCIALABBA & BAKER P.C.**

By: /s/ *D. Greg Blankinship*
    D. Greg Blankinship (BBO No. 655430)
    Todd S. Garber (*pro hac vice* application
    to be filed)
    1311 Mamaroneck Avenue
    White Plains, New York 10605
    Tel: (914) 517-5000
    Fax: (914) 517-5055
    gblankinship@mpnsb.com
    tgarber@mpnsb.com

*Attorneys for Plaintiff and putative class*