UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11362-RGS

JUDITH MONTEFERRANTE, on behalf of herself
and all others similarly situated

v.

THE CONTAINER STORE, INC.

MEMORANDUM ON FINAL ORDER
APPROVING CLASS ACTION SETLEMENT

February 4, 2015

STEARNS, D.J.

As I indicated to counsel at the January 30, 2015 settlement hearing, I will approve the proposed Final Order, including the agree-upon award of attorneys' fees and the incentive award to Ms. Monteferrante, albeit reluctantly. My reluctance stems from my personal view that these so-called "zip code" cases confer little by way of benefit on society, or in most instances, on the members of the class. The latter typically receive a small value coupon to encourage their further shopping at the store that allegedly victimized them, while class counsel reaps a handsome cash award. So here, the members of the class, said to be some 87,700 in number, are to receive each a $10 coupon, if asked for, while the attorneys

are to be paid an award of $120,000 in fees and costs. Predictably, as of January 12, 2015, only 1,627 claims had been submitted.

Had this case been brought under the federal Class Action Fairness Act, (CAFA) 28 U.S.C. § 1712, rather than the state Consumer Protection Act, Mass. Gen. Laws ch. 93A, an award of attorneys' fees would have been based on the value of the coupons actually redeemed by class members. *See* CAFA, § 1712(a). Assuming that as of January 12, 2015, all class members who requested a coupon in fact intended to redeem them, that value would be $16,270, rather than the $877,000 class counsel assigns as the value of the settlement (that is, the aggregate amount in coupons that would be distributed if all class members were to make a timely claim, something that is unlikely to happen). By this measure, the $120,000 fee award would (making an allowance for costs) would be roughly 600% of the value of a CAFA settlement fund.

Here, defendant Container Store, by its attorneys, has agreed to this result. The dynamics of this kind of settlement are vividly described by Judge Posner in *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014), and encapsulated in his observation that "[f]rom the selfish standpoint of class counsel and the defendant . . . the optimal settlement is one modest in overall amount but heavily tilted toward attorneys' fees." *Id.* at 720.

Similarly, Justice O'Connor, commenting on a petition for a writ of certiorari in a class action case, observed that "there must at least be some rational connection between the fee award and the amount of the actual distribution to the class," and that

> [t]he approval of attorney's fees absent any such inquiry could have several troubling consequences. Arrangement such as that at issue here decouple class counsel's financial incentives from those of the class, increasing the risk that the actual distribution will be misallocated between attorney's fees and the plaintiffs' recovery. They potentially undermine the underlying purposes of class actions by providing defendants with a powerful means to enticing class counsel to settle lawsuits in a manner detrimental to the class. And they could encourage the filing of needless lawsuits where, because the value of each class member's individual claim is small compared to the transaction costs in obtaining recovery, the actual distribution to the class will inevitably be minimal.

*Int'l Precious Metals Corp. v. Waters*, 530 U.S. 1223, 1223 (2000). *See also, Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 852-853 (5th Cir. 1998) (District Court did not abuse its discretion when it considered the actual claims awarded in determining attorneys' fees). *But see, Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 436-437 (2d Cir. 2007) (error for District Court to calculate attorneys' fees based on the value of claims made rather than the putative value of the fund as a whole); *Williams v. MGM-Pathe Commc'ns* Co., 129 F.3d 1026, 1027 (9th Cir. 1997) (abuse of discretion for District Court to base attorneys' fees on the class

members' claims against the settlement fund "rather than on a percentage of the entire fund or on the lodestar"). As in *Eubank* and *Int'l Precious Metals Corp.*, here there is no real adversarial proceeding. Defendant is understandably content to escape the litigation at what might be seen as a nuisance value offset by a modest enticement to aggrieved customers to return to do business. And the stakes are too low to draw even the most obdurate of professional objectors to protest. I iterate, were this an action under CAFA, I might well not approve it.[1]

                                      SO ORDERED.

                                      /s/Richard G. Stearns
                                      UNITED STATES DISTRICT JUDGE

---

[1] I say "might" because in fairness class counsel has not had the opportunity to brief the social utility issue, and I do recognize that a liberal award of attorneys' fees in class actions is intended to give an incentive to competent counsel to bring small dollar consumer grievances that would otherwise go unredressed. I do not question counsel's competence or sincerity in this matter.