UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH MONTEFERRANTE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE CONTAINER STORE, INC.<br><br>Defendant. | Civil Action No. 13-cv-11362-RGS |

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT**

On January 30, 2015 this Court heard Plaintiff Judith Monteferrante's ("Plaintiff") Motion for Final Approval of Proposed Class Settlement (Dkt. No. 42) and Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, and Incentive Fees (Dkt. No. 40). This Court reviewed: (a) the motions and the supporting papers, including, the Settlement Agreement and Release ("Settlement Agreement"); (b) any objections filed with or presented to the Court (Dkt No. __); (c) the parties' responses to any objections; and (d) counsels' arguments. The Court also considered the oral arguments of counsel. Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

1.     Plaintiff Judith Monteferrante filed this action in her individual capacity and in her capacity as a representative of a putative class of similarly-situated persons, alleging that The Container Store, Inc. had violated Mass. Gen. Laws ch. 93A by requesting and recording personal identification information in the form of Zip Codes from customers using a credit card allegedly in violation of Mass. Gen. Laws ch. 93 § 105(a).

2.     The Settlement Agreement was fair, reasonable, and adequate.

3. The Parties adequately performed their obligations under the Settlement Agreement.

4. Defendant The Container Store, Inc. provided notice to Class Members in compliance with Section 3.3 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (i) fully and accurately informed Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Class Members were able to decide whether to accept the benefits offered, or object to the proposed settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date and place of the fairness hearing.

5. An award of $120,000 in attorneys' fees and costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Class.

6. An incentive award to Plaintiff Judith Monteferrante of $3,000 is fair and reasonable in light of: (a) Plaintiff's risks (including financial, professional, and emotional) in commencing this Action as the Class Representative; (b) the time and effort spent by Plaintiff as the Class Representative; and (c) Plaintiffs' public interest service.

**IT IS ORDERED THAT:**

1. **Class Members.** The Class Members are defined as:

> persons who, between June 6, 2009 and the date of entry of the this Order, used a credit card to make a purchase at a Massachusetts The Container Store, Inc. Store and whose personal identification information, as defined in Mass. Gen. Laws ch. 93 § 105(a), including, but not limited to a Zip Code, was requested and recorded by The Container Store, Inc. during the credit card transaction.

{00269754 }

2. **Binding Effect of Order.** This order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Class Members.

3. **Release.** Plaintiff and all Class Members are: (1) deemed to have released and discharged The Container Store, Inc. from all claims arising out of or asserted in this Action and claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.

Plaintiff, in both her individual and representative capacity, and all Class Members who did not validly and timely opt out of the proposed settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives release and forever discharge The Container Store, Inc. and each of its direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the acts, omissions or other conduct that have or could have been alleged or otherwise referred to in this action including, but not limited to, any and all violations of Mass. Gen Laws ch. 93 § 105(a) (including all subsections).

In addition, Plaintiff, in both her individual and representative capacity, and the Class Members, and each of their respective successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar

{00269754 }

provision under federal or state law, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiff and the Class Members fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by Plaintiff and the Class Members and their Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that the Settlement Agreement remains effective despite any difference in facts. Further, Plaintiff and the Class Members agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

4. **Class Relief.** The Claims Administrator will issue a single voucher to each Class Member who has returned a valid claim form no later than one hundred and twenty (120) calendar days after notice is provided by direct mail, subject to verification of any such form by The Container Store, Inc., within sixty (60) days following the final settlement date (the "Final Settlement Date"). The Final Settlement Date means two calendar days after this Order becomes "final." For the purposes of this paragraph, "final" means (a) if no appeal from this Order and Judgment is filed, the expiration of the time for the filing or noticing of any appeal from this Order; or (b) if an appeal from this Order, and the Order is affirmed or the appeal dismissed, and no petition for a writ of certiorari ("Writ Petition") with respect to the appellate court's judgment affirming the Order or dismissing the appeal ("Appellate Judgment") is filed, the expiration of the time for the filing of a Writ Petition; or (c) if a Writ Petition is filed and denied, the denial of the Writ Petition; or (d) if a Writ Petition is filed and granted, the final affirmance of the Appellate Judgment or final dismissal of the review proceeding initiated by the Writ Petition.

{00269754 }

5. **Attorney's Fees and Costs.** Class Counsel is awarded $120,000 in fees and costs. Payment by The Container Store, Inc. shall be made within fourteen (14) days after (a) the Final Settlement Date, or (b) Plaintiff's Counsel provides The Container Store, Inc. with its Form W-9, whichever is later.

12. **Incentive Award.** Plaintiff Judith Monteferrante is awarded $3,000 as an incentive award. Payment by The Container Store, Inc. shall be made within fourteen (14) days after (a) the Final Settlement Date, or (b) Judith Monteferrante provides The Container Store, Inc. with her Form W-9, whichever is later.

13. **Court's Jurisdiction.** Pursuant to the Parties' request, the Court will retain jurisdiction over this Action and the Parties until final performance of the Settlement Agreement.

DATED: February 4, 2015

/s/ Richard G. Stearns

Hon. Richard G. Stearns
U.S. District Judge

{00269754 }